IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ERIC BROWN, Individually and as    *
Administrator of the ESTATE OF
LORETTA LEWIS,                      *

    Plaintiff,                     *

vs.                                 *    CASE NO. 4:21-CV-71 (CDL)

MEDSCOPE AMERICA CORPORATION        *
and AVANTGUARD MONITORING
CENTERS, LLC,                       *

    Defendants.                    *

O R D E R

Motions for reconsideration, when made prior to the entry of a final judgment, allow the district court to modify a previous interlocutory order when the court made a clear error of law. M.D. Ga. R. 7.6. Defendant AvantGuard Monitoring Centers, LLC has filed a motion for reconsideration (ECF No. 28) of the Court's recent order that found that the Georgia Fair Business Practices Act and Deceptive Practices Toward the Elderly Act applied to AvantGuard under the factual circumstances alleged in Plaintiff's complaint. As explained in the remainder of this Order, that legal conclusion was wrong, and AvantGuard's motion for reconsideration (ECF No. 8)

is accordingly granted, resulting in the dismissal of these claims against AvantGuard.[1]

DISCUSSION

In its original motion to dismiss, AvantGuard argued, among other things, that the plain statutory language of Georgia's Fair Business Practices Act, specifically O.C.G.A. § 10-1-405(c), only applies to "agents who are individual persons" and not to other artificial entities such as limited liability companies. AvantGuard maintains in its motion for reconsideration that the Court erroneously gave short shrift to this argument in its previous order denying AvantGuard's motion to dismiss.   In retrospect, the Court did fail to give this argument the attention it deserved.   Having now thoroughly studied the issue, the Court finds that it committed a clear error of law when it determined that the Fair Business Practices Act applies to agents who are not "persons."   Although the Court's rationale does not mirror AvantGuard's argument, the result is the same—The Georgia Fair Business Practice Act only imposes liability upon agents who are "persons."   And thus AvantGuard's motion to dismiss these claims must be granted.

_____

[1] Because Plaintiff relies upon the same statutory language for its claims under both the Fair Business Practices Act and the Deceptive Practices Against the Elderly Act, the Court for the sake of simplicity refers to both claims collectively in this order as "Fair Business Practices Act claims."

For purposes of the present analysis, the facts are undisputed. AvantGuard is a limited liability company alleged to be an agent of Defendant Medscope America Corporation. The acts AvantGuard allegedly committed in the scope of its agency with Medscope violate the Fair Business Practices Act if the Act applies to it as an agent of Medscope.  The determination of whether the Act imposes liability upon AvantGuard depends entirely upon the interpretation of O.C.G.A. § 10-1-405(c), which states in relevant part, "[a]ny intentional violation by a corporation, partnership, or association shall be deemed to be also that of the *individual directors, officers, partners, employees, or agents of the corporation, partnership, or association* who knew or should have known of the acts constituting the violation and who directly authorized, supervised, ordered, or did any of the acts constituting in whole or in part the violation." AvantGuard argues that this statutory language only imposes liability upon agents who are "individual *persons*" and not agents which are artificial entities such as limited liability companies.[2]  Plaintiff responds that the term "individual" in the statutory language does not modify "agents" and that the legislature could not have possibly intended to make a distinction between agents based upon whether they are *persons* or not.

---

[2] "Person" in this order means "human being."

Divining legislative intent can be a challenging exercise. But it is clear that the exercise must begin with the statutory language. The Court must give that language its plain meaning, and when necessary, use traditional tools of statutory construction in doing so. The first question here is what does "individual" modify in the serial phrase of the statute. Specifically, does it modify "agent." Generally, "[w]hen there is a straightforward, parallel construction that involves all nouns or verbs in a series, a prepositive or postpositive modifier normally applies to the entire series." A. Scalia & B. Garner, Reading Law: The Interpretation of Legal Texts 147 (2012) (Scalia & Garner); *see also Facebook, Inc. v. Duguid*, 141 S.Ct. 1163, 1169 (2021) (applying this principle). Under this rule of statutory interpretation, the adjective "individual" in § 10-1-405(c) modifies all of the nouns that follow it in the sentence, including "agent." Thus, the statute imposes liability upon "individual agents."

The next question then becomes: what does the adjective "individual" in the phrase "individual agent" mean? Both common sense and well accepted canons of statutory construction advise that this determination must begin with finding the ordinary meaning of the word "individual." *See* O.C.G.A. § 1-3-1 ("In the interpretations of statutes, the ordinary signification shall be applied to all words[.]"). Standard dictionaries are frequently

the first stop in this part of the analysis. Because the term "individual" can be a noun or an adjective based upon its usage, the analysis must assure that the definition fits the context of the sentence. Here "individual" modifies nouns, and thus it is used as an adjective. The Merriam-Webster Unabridged Dictionary includes several different alternative definitions of the adjective "individual." It can commonly mean "[e]xisting as a separate and distinct entity." *Individual Definition*, Merriam-Webster Unabridged Dictionary, https://unabridged.merriam-webster.com/unabridged/individual (last visited Apr. 5, 2022). Thus, its use is not always restricted to a person. Under this definition, "individual" is sometimes used to modify a noun by setting the noun apart as a separate and distinct entity. But the adjective "individual" is also defined by Merriam-Webster as "[b]eing an individual: marked by a distinctness and a complexity within a unity that characterizes organized things, concepts, organic beings, and persons." *Id.* This definition contemplates the possibility that the noun being modified is a person. Thus, the dictionary does not provide much help in the analysis. "Individual agent" can have two common meanings--one definition describes the adjective "individual" as referring to a "particular person" while another defines "individual" as a "distinct entity." If the legislature intended "individual" to mean a "distinct entity," then AvantGuard would be included. But if it meant

"particular or separate person," it would not.  So, the next step in the analysis requires the Court to determine whether any other tool of statutory construction can help ascertain the meaning of the statutory language.

It is well established that courts must "avoid a construction that makes some language mere surplusage." *Monumedia II, LLC v. Dep't of Transp.*, 806 S.E.2d 215, 219 (Ga. Ct. App. 2017) (citations omitted).  If "individual" means "an indivisible entity" and not "a separate person," the insertion of the word "individual" in the statutory language would have been unnecessary.  Revising the statutory language to exclude the term "individual" makes this apparent: "[a]ny intentional violation by a corporation, partnership, or association shall be deemed to be also that of the [omitted] *directors, officers, partners, employees, or agents of the corporation, partnership, or association*."  The preceding language, without the term "individual" preceding "directors," would include agents that are separate persons and agents that are artificial entities such as limited liability companies, which is the interpretation argued by Plaintiff.  But if that was the intent of the legislature, it did not need to include the term "individual."  It is mere surplusage. On the other hand, if "individual" was intended to mean "separate person," then the term "individual" was absolutely necessary. Consistent with the traditional rules of statutory interpretation,

the Court must assume that the legislature did not intend to include mere surplusage, and the only way to interpret the statute accordingly is to give the term "individual" some significance, which requires the Court to conclude that it must mean "a particular or separate person." Thus, the Court finds that the statutory language "individual agent" means an agent who is a person. Because AvantGuard is not a person, O.C.G.A. § 10-1-405(c) does not apply to it under the circumstances alleged in Plaintiff's complaint.[3]

## CONCLUSION

For the foregoing reasons, AvantGuard's motion for reconsideration (ECF No. 28) is granted. Plaintiff's Fair Business Practices Act and Deceptive Practices Towards the Elderly Act claims against AvantGuard are dismissed. All other claims, including Plaintiff's negligence claim against AvantGuard, remain pending.

---

[3] The Court finds Plaintiff's "it makes no sense" argument unpersuasive. It is not for this Court to evaluate whether a public policy decision by the legislative branch (i.e., restricting the statute to agents who are persons) "makes sense." Furthermore, legislative intent cannot be derived from some judge's personal notion of what the legislature should have done. When the plain statutory language, as interpreted using standard rules of statutory construction, yields a clear meaning, the Court must conclude that such meaning is what the legislature intended. Here that language establishes that the legislature only intended to impose liability against "agents" who are individual persons. If they did not intend for the language to mean what it says, the proper remedy is for the legislature to refine the statutory language, not for the Court to rewrite it for them.

IT IS SO ORDERED, this 6th day of April, 2022.

S/Clay D. Land
_____
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA