```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

ERIC BROWN, *Individually and as*   \*
*Administrator of the Estate of*
*Loretta Lewis*,                             \*

    Plaintiff,                         \*

vs.                                       \*       CASE NO. 4:21-CV-71 (CDL)

MEDSCOPE AMERICA CORPORATION     \*
and AVANTGUARD MONITORING
CENTERS, LLC,                       \*

    Defendants.                     \*

_____

O R D E R

Presently pending before the Court are Plaintiff's motion to exclude certain testimony (ECF No. 95) and Defendants' motions for reconsideration of the Court's summary judgment order (ECF Nos. 99 & 100). As discussed below, the Court denies all three motions.

**I. Plaintiff's Motion to Exclude Expert Testimony**

Plaintiff seeks to exclude the testimony of Medscope America Corporation's emergency medicine expert, Dr. Marie Carmelle Elie, M.D. Dr. Elie has been an emergency medicine physician for more than twenty years. Plaintiff does not challenge Dr. Elie's qualifications, but he does argue that her methodology was flawed and that her conclusions were based on incorrect assumptions about the evidence. To reach her opinions in this case, Dr. Elie reviewed Loretta Lewis's medical records and other materials regarding the events giving rise to this action. She also relied

on her own experience, education, and training as an emergency medicine physician.

The Court carefully considered Plaintiff's arguments and finds that they go to the weight of Dr. Elie's testimony, not its admissibility. Plaintiffs will certainly be able to challenge Dr. Elie's opinions in a thorough and sifting cross-examination, but the Court is not convinced that Dr. Elie's testimony should be excluded. Accordingly, Plaintiff's motion to exclude Dr. Elie (ECF No. 95) is denied.

**II. Defendants' Motions for Reconsideration**

Local Rule 7.6 provides that motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. R. 7.6. Generally, such motions will only be granted if "the movant demonstrates that (1) there was an intervening development or change in controlling law, (2) new evidence has been discovered, or (3) the court made a clear error of law or fact." *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009). As explained below, the Court denies Defendants' motions for reconsideration because Defendants did not point to any intervening change in controlling law, any new evidence, or any clear error of law or fact.

MedScope America Corporation asks the Court to reconsider its decision to deny summary judgment on a portion of Plaintiff's claim under Georgia's Fair Business Practices Act. MedScope argues that

2

there is no evidence that it engaged in *intentional* deception, so Plaintiffs may not recover exemplary damages. In its summary judgment order, the Court concluded that there was enough evidence to create a genuine fact dispute on whether MedScope made certain representations on its website and in its YouTube video that were false and thus deceptive. MedScope argues, as it did in its summary judgment motion, that it did not know the false representations could be confusing or misleading, but the Court implicitly rejected this argument because a jury could reasonably infer that a company which intentionally makes false representations about its product on websites available to potential consumers understands that those false representations could cause confusion and deception.

AvantGuard Monitoring Centers, LLC argues that the Court improperly relied on the Restatement (Second) of Torts § 323, that the correct restatement provision (if any) is the Restatement (Second) of Torts § 324A, and that Section 324A does not apply here. AvantGuard made the same arguments about Section 324A in its initial briefing. The Court considered and rejected those arguments. To be clear, in its summary judgment order, the Court relied on Georgia Court of Appeals authority that an independent duty may be found outside a contractual obligation "because of the relationship between the parties, or because of defendant's calling or because of the nature of the harm." *Brown v. MedScope*

*Am. Corp.*, No. 4:21-CV-71 (CDL), 2023 WL 5596250, at *5 (M.D. Ga. Aug. 29, 2023) (quoting *Orkin Exterminating Co. v. Stevens*, 203 S.E.2d 587, 590 (Ga. Ct. App. 1973)).  The Court further relied on Section 323, which the Georgia courts have applied in considering when a person may be held liable for the negligent performance of a voluntary undertaking, because a reasonable jury could conclude that by answering Ms. Lewis's emergency call, AvantGuard undertook to render services *to Ms. Lewis* that AvantGuard should recognize as necessary for *the protection of Ms. Lewis*.[1]

AvantGuard further argues that the Court applied the wrong standard and that there is no evidence from which a juror could conclude that AvantGuard increased Lewis's risk of harm or relied to her detriment on AvantGuard's services.  In AvantGuard's view, the Court effectively ruled that AvantGuard was required to take all possible actions to prevent Ms. Lewis's cardiac arrest.  But the Court obviously did not find that AvantGuard had a duty to take all possible actions to prevent Ms. Lewis's cardiac arrest.  Rather, the Court concluded that a jury could find that AvantGuard undertook a duty to perform emergency response services *to Ms. Lewis*, so AvantGuard was required to use reasonable care in

---

[1] The Court did cite Section 324A, which applies when one undertakes to render services to another which he should recognize as necessary for the protection of a third person, although the Court relied primarily on Section 323.  Like Section 323, 324A provides for liability if the party undertaking to render services increases the risk of harm or if a person suffers harm because she relied on the undertaking.  Section 324 also provides for liability if the party undertaking services has undertaken to perform a duty owed by another to the third person.

4

performing that duty. Viewing the evidence in the light most favorable to Plaintiff, as is required at the summary judgment stage, a jury could conclude that AvantGuard did not use reasonable care, that the failure to exercise reasonable care increased Ms. Lewis's risk of harm because it delayed her access to urgent medical attention that would have been available had AvantGuard acted reasonably, and that Ms. Lewis suffered harm because she relied on the emergency response service AvantGuard undertook instead of contacting 911 directly. Nothing about AvantGuard's contract with MedScope excuses AvantGuard from using reasonable care in the exercise of emergency response services that AvantGuard undertook for Ms. Lewis; the contract itself requires AvantGuard to make reasonable efforts to notify first responders of a subscriber's emergency call. Whether AvantGuard's efforts in response to Ms. Lewis's distress call were reasonable is a question of fact for the jury.

## CONCLUSION

For the reasons set forth above, the Court denies Plaintiff's motion to exclude Dr. Elie's testimony (ECF No. 95) and Defendants' motions for reconsideration of the Court's summary judgment order (ECF Nos. 99 & 100).

IT IS SO ORDERED, this 26th day of _September, 2023.

S/Clay D. Land<br>
CLAY D. LAND<br>
U.S. DISTRICT COURT JUDGE<br>
MIDDLE DISTRICT OF GEORGIA