```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION

ERIC BROWN, Individually and as  *
Administrator of the Estate of
Loretta Lewis,                   *

      Plaintiff,                 *

vs.                              *
                                      CASE NO. 4:21-CV-71 (CDL)
MEDSCOPE AMERICA CORPORATION     *
and AVANTGUARD MONITORING
CENTERS, LLC,                    *

      Defendants.                *
```

## O R D E R

The Court reconsiders its previous order permitting the playing of excerpts from video depositions during opening statements. At the final pretrial conference in this action, the Court ruled from the bench without the benefit of any briefing on the issue that Plaintiff's counsel would be permitted to play during his opening statement excerpts from video depositions which he had a good faith belief would be admitted during the trial. The Court reasoned that it could conceive of no reason why an exhibit certain to be admitted into evidence during the trial could be displayed during the opening statement but a video deposition certain to be admitted could not be displayed during the opening statement. Having given further consideration to this issue, the Court now recognizes a distinction.

An exhibit, such as a photograph or a document, will actually be admitted into evidence, will be published to the jury during the trial, and will be available to the jury in the jury room during their final deliberations. A video deposition, however, is not typically admitted into evidence as an exhibit. It may be played during the trial to simulate live trial testimony, but it is not generally available to a jury in the jury room during their deliberations. Just as witnesses who testify live at trial are not allowed in the jury room to repeat their testimony to the jury, video recorded testimony is not generally permitted in the jury room.[1] Because the Court now finds that it is not likely that the actual deposition will be admitted during the trial of the case and because playing testimony during trial is distinctly different than actually admitting the deposition as an exhibit, Plaintiff's counsel shall not be permitted to play excerpts from the video deposition during his opening statement.[2] Of course, counsel is

---

[1] The Court understands that a jury could request that it be allowed to re-hear certain testimony, but such reading back of testimony would be done in a controlled manner and is distinctly different than having the video deposition in the jury room for the jury to play at their discretion.

[2] As with many difficult legal issues, the Court acknowledges that different courts have decided this issue in different ways. *See, e.g.,* *Kelley v. C.R. Bard, Inc.*, No. 2:20-CV-00045-SCJ, 2023 WL 2565853, at *15 (N.D. Ga. Mar. 17, 2023), reconsideration denied, No. 2:20-CV-00045-SCJ, 2023 WL 3032063 (N.D. Ga. Apr. 21, 2023) (prohibiting use of depositions in opening statement absent stipulation of the parties); *United States v. Idaho Cnty. Light & Power Coop. Ass'n, Inc.*, No. 3:17-CV-00391-CWD, 2020 WL 1105091, at *5 (D. Idaho Mar. 6, 2020) (same; collecting cases on use of depositions during opening statements); *MBI Acquisition Partners, L.P. v. Chron. Pub. Co.*, No. 01-C-0177-C, 2002 WL 32349903, at *1 (W.D. Wis. Oct. 2, 2002) (permitting excerpts from a

allowed to describe to the jury what he believes that testimony will be. Moreover, this order does not prohibit the playing of excerpts from video deposition testimony that is actually played during the trial from being played during closing arguments.[3]

IT IS SO ORDERED, this 5th day of February, 2024.

S/Clay D. Land
_____
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

video deposition during opening statement but requiring counsel to disclose which excerpts before trial).
[3] The Court acknowledges that its rationale for its decision not to permit video deposition excerpts in opening statements could analogously apply to closing arguments. But the Court finds that the setting is entirely different when counsel argues his case after all evidence has been heard by the jury and the excerpts were actually played to the jury verbatim than when counsel is describing to the jury at the beginning of the trial what he believes the evidence will show before the jury has heard any evidence.