```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

ERIC BROWN, *Individually and as*   \*
*Administrator of the Estate of*
*Loretta Lewis*,   \*

    Plaintiff,   \*

vs.   \*

    CASE NO. 4:21-CV-71 (CDL)

MEDSCOPE AMERICA CORPORATION   \*
and AVANTGUARD MONITORING
CENTERS, LLC,   \*

    Defendants.   \*

O R D E R

Defendant takes the position that Plaintiff may not recover damages, pursuant to his Georgia Fair Business Practices Act ("GFBPA") claim, for his mother's pain and suffering prior to her death or for her wrongful death. Defendant argues that pain and suffering damages are not actual damages as contemplated by the GFBPA, and even if they are, only Plaintiff's mother apparently, who is now dead, could recover such damages because the GFBPA prohibits claims asserted in a representative capacity. The Court deferred ruling on these issues until after the parties submitted additional briefing. Having now reviewed that briefing, the Court finds that Plaintiff may recover actual damages that include compensation for his mother's pain and suffering and wrongful death proximately caused by violations of the GFBPA.

1

A panel of the Eleventh Circuit Court of Appeals, in an unpublished opinion, concluded that damages for mental anguish caused by a violation of the GFBPA are recoverable. *Cross v. Equityexperts.org, LLC*, 2021 WL 5279412 at *9 (11th Cir. 2021). Although this case arose in the context of a default judgment, the panel did more than simply affirm that default judgment. It directly addressed the issue presented here. To avoid any further misunderstanding about the panel's analysis, the Court repeats it here in full:

"A plaintiff who establishes a GFBPA violation may recover actual damages. Under Georgia law, emotional distress is an actual injury resulting in actual damages, and proof of that injury can support an award of actual damages." *Id.* (citations omitted). Quoting a Georgia Supreme Court decision, the panel explained that: "[w]ounding a man's feelings is as much actual damage as breaking his limbs. The difference is that one is internal and the other external; one mental, the other physical." *Id.* (quoting *Head v. Ga. Pac. Ry. Co.*, 7 S.E. 217, 218 (Ga. 1887)). In either circumstance, "the damage is not measurable with exactness. There can be a closer approximation in estimating the damage to a limb than to the feelings; but at last the amount is indefinite. The [factfinder] would have much wider discretion in dealing with feelings than with an external injury." *Id.* Nevertheless, such damages are "actual" damages. And as the panel clearly found,

damages for emotional distress, including embarrassment and frustration, proximately caused by violations of the GFBPA were recoverable. *Id.*

A decision by a unanimous three judge panel of the Circuit Court, albeit an unpublished one, deserves respect and deference unless it appears clearly wrong. The Court does not find the panel decision in *Cross* to be clearly wrong. To the contrary, the Court finds its rationale persuasive. Furthermore, the Court can conceive of no legitimate reason for distinguishing between the emotional distress damages recoverable in *Cross* and the actual pain and suffering and wrongful death damages sought here. Defendant offers no persuasive authority supporting such a distinction.

Similarly, Defendant cites to no authority that would prohibit a GFBPA claim asserted by the representative of an estate for a decedent's pre-death pain and suffering or a claim by a statutory representative for a decedent's wrongful death, where the damages and death were proximately caused to the decedent by Defendant's violation of the GFBPA. Defendant latches on to language in the GFBPA that a claim cannot be asserted in "a representative capacity." O.C.G.A. § 10-1-399(a). The Court finds that "representative capacity" is ambiguous. But when read in the context of the entire statute, it appears that the legislature intended to prevent state law class actions from being brought

3

under the GFBPA, and at least one court has interpreted this provision accordingly. *See, e.g.*, *Amin v. Mercedes-Benz USA, LLC*, 301 F. Supp. 3d 1277, 1292 (N.D. Ga. 2018) (describing the GFBPA's language as "precluding class actions") (quoting *Lisk v. Lumber One Wood Preserving, LLC*, 792 F.3d 1331, 1335 (11th Cir. 2015)). Defendant has not cited any decisions reaching a different interpretation.  Plaintiff here is of course not attempting to assert claims on behalf of others who may have been subjected to violations similar to those from which his mother suffered. Instead, he simply seeks to step into her shoes under well-established law to assert "her own claims" for her pain and suffering and wrongful death.  The Court finds Defendant's argument that he is statutorily prohibited from doing so to be unpersuasive.

Based on the foregoing, the Court finds that Plaintiff shall not be prohibited from asserting claims for his mother's pain and suffering and wrongful death proximately caused by Defendant's violation of the GFBPA.

IT IS SO ORDERED, this 16th day of February, 2024.

S/Clay D. Land<br>
CLAY D. LAND<br>
U.S. DISTRICT COURT JUDGE<br>
MIDDLE DISTRICT OF GEORGIA